IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DARYL CHARLES ALI,

 Plaintiff

v.

FCI Allenwood, *et al.*

 Defendants

CIVIL NO. 3:CV-17-1171

(Judge Caputo)

# MEMORANDUM

## I. Introduction

Mr. Ali's Complaint (ECF No. 27) is before the court for preliminary screening pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B). The Complaint will be dismissed for failure to state a claim upon which relief may be granted due. However, Mr. Ali will be granted the opportunity to file an amended complaint.

## II. *Standard of Review*

When a litigant seeks to proceed *in forma pauperis,* without the prepayment of fees, 28 U.S.C. § 1915 requires the court to screen the complaint. Likewise, when a prisoner seeks redress from a government defendant in a civil action, whether proceeding *in forma pauperis* or not, the court must screen the complaint. See 28 U.S.C. § 1915A. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915(A) give the court the authority to dismiss a complaint if it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from

a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); 28 U.S.C. § 1915A(b)(1)-(2).

A complaint is frivolous if it lacks an arguable basis either in law or fact. See *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003)(citing *Neitzke v. Williams*, 490 U.S. 319, 327-28, 109 S.Ct. 1827, 1832-33, 104 L.Ed.2d 338 (1989)). In deciding whether the complaint fails to state a claim on which relief may be granted, the court employs the standard used to analyze motions to dismiss under Fed. R. Civ. P. 12(b)(6). See *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000). Under Rule 12(b)(6), we must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008)). The court may also rely on exhibits attached to the complaint and matters of public record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

Pursuant to Fed. R. Civ. P. 8(a), a complaint need only "include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." "[T]he factual allegations of a complaint 'must be enough to raise a right to relief above the speculative level' and the complaining party must offer 'more than labels and conclusions' or 'formulaic recitation of the elements of a cause of action.'" *W. Run Student Hous. Assocs., LLC. v. Huntington Nat'l Bank*, 712 F.3d 165, 169 (3d Cir. 2013)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)). Legal conclusions are "not entitled to

the assumption of truth." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012)(citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).

Finally, *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by attorneys and are to be liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009). *Pro se* litigants are to be granted leave to file a curative amended complaint even when a plaintiff does not seek leave to amend, unless such an amendment would be inequitable or futile. *See Philips*, 515 F.3d at 245-46 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). However, a complaint that sets forth facts which affirmatively demonstrate that the plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hospital*, 293 F.3d 103, 106 (3d Cir. 2002).

III. **Background**

A. **Procedural History**

On July 14, 2017, the Court advised Mr. Ali that he could not commence a civil rights by way of a motion for injunctive relief. (ECF No. 14.) Mr. Ali was advised that he must file a Complaint that complies with the requirements of Fed. R. Civ. P. 8(a)(2) and that names the individual defendants he seeks to hold responsible via this action. (*Id.*) Plaintiff was provided with copies of this Court's form civil-rights complaint to be used when filing his complaint. On July 30, 2017, Mr. Ali filed his "Complaint" with the Court.

## B. Allegations of the Complaint

In "the latter part of May and June 11, 2017, [Mr. Ali] was sexually assaulted by [his] roomate (sic) Wade Kilgore." (ECF No. 27.) While asleep in his cell, Mr. Ali was awoken by Kilgore who attempted to force him to perform fellatio. When Mr. Ali refused and resisted, Kilgore went to sleep in his bunk. Mr. Ali tried to report the attempted sexual assault to the psychology department numerous times without success by advising staff he "needed to discuss a personal problem". (*Id.*, p. 1.) When Mr. Ali reported the sexual assault to SIS Investigator S. Prutzman and the Lieutenant on duty, he was told he was scheduled to see someone in the psychology department but that he failed to appear for his appointment. (*Id.*) Plaintiff advised both men that he was scheduled for a criminal mind thinking course with the psychology department's intern, and that he reported as scheduled, but no one came to speak with him.

The second attempted assault occurred the evening of June 11, 2017. On that date Kilgore attempted to rape Mr. Ali. (*Id.*, p. 2.) The following morning, when his celldoor was unlocked, Mr. Ali went to the counselor's office and demanded a room change. The counselor granted his request that day. (*Id.*)

Mr. Ali states he reported "the sexual assault via trulincs to O.I.G." (*Id.*, p. 3.) Plaintiff was placed in the institution's Special Housing Unit (SHU) following his report of these events.

He fears that FCI Allenwood staff will retaliate against him and attempt to cover up the events "to offset [their] liability with P.R.E.A.[1] or any outside investigative departments." (*Id.*)

Mr. Ali claims the "Psychology Department" is liable for the second sexual assault as they did not respond to his many requests for help. (*Id.*) Due to the Warden's negligence and that of the Psychology Department, they failed to protect him from harm of the second sexual assault. He claims that inmates "may" view him as a "snitch" for reporting the sexual assaults. He also alleges that while in the SHU, his legal mail is being opened outside of his presence and that he is improperly classified and housed outside of the "Southeastern District". (*Id.*, pp. 2 - 3.) Mr. Ali asserts that while in the SHU he has been denied all medication for his hypertension and his post-traumatic stress following the attacks. (*Id.*, p. 3.)

IV. **Discussion**

To state a viable § 1983 claim, a plaintiff must plead two essential elements: (1) the conduct complained of was committed by a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 580-81 (3d Cir. 2003). Personal involvement in the alleged wrongdoing is necessary for the imposition of liability in a civil-rights action. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005); *Sutton v. Rasheed*, 323 F.3d 236, 249-50 (3d Cir. 2003). A supervisory defendant may be liable if

---

[1] The Prison Rape Elimination Act of 2003 (PREA) is a federal law dealing with the sexual assault of prisoners.

he directed, or knew of and acquiesced in, the deprivation of a plaintiff's constitutional rights. Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988). Liability cannot be imposed on a defendant in a § 1983 claim based on a respondent superior theory. Id.

While Mr. Ali is clear about the facts giving rise to his Complaint, he fails to name any individual person as a Defendant. As he was previously advised by the Court, to allege a viable civil rights claim, he must name individuals he seeks to hold responsible for the alleged constitutional violations. In its present form, the Complaint fails to allege the personal involvement of any named Defendants in the alleged unconstitutional events set forth in the Complaint. See Evancho, 423 F.3d at 353. Accordingly the Complaint will be dismissed but Mr. Ali will be given a final opportunity to file an amended complaint.

Mr. Ali will be granted twenty-one days to file an amended complaint. If Mr. Ali decides to file an amended complaint, he is advised that it must contain the same docket number as the instant action and should be labeled "Amended Complaint." In addition, the "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Mr. Ali is advised that any amended complaint he may file supersedes the original complaint and must be "retyped or reprinted so that it will be complete in itself including exhibits." M.D. Pa. LR 15.1. Consequently, all causes of action alleged in the original complaint which are not alleged in the amended complaint are waived.

Mr. Ali is also advised that his amended complaint must be concise and direct. See Fed. R. Civ. P. 8(d). Each allegation must be set forth in an *individually numbered paragraphs* in short, concise and simple statements. *Id.* (emphasis added). The allegations should be specific enough as to time and place, and should identify the specific person or persons responsible for the deprivation of his constitutional rights and what each individual did that led to deprivation of his rights. *Iqbal*, 556 U.S. at 676, 129 S.Ct. at 1948. He must also specify the relief he seeks with regard to each claim. Mr. Ali's failure to file an appropriate amended complaint within the required time will result in his lawsuit being dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. Mr. Ali is encouraged to use the Court provided civil-rights complaint when drafting his amended complaint.

An appropriate order follows.

/s/ A. Richard Caputo
A. RICHARD CAPUTO
United States District Judge

DATE: August 4, 2017