**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DARYL CHARLES ALI,** | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:CV-17-1171 |
| v. | : | (Judge Caputo) |
| **FCI ALLENWOOD,** *et al.,* | : | |
| Defendants | : | |

# M E M O R A N D U M

## I.   Introduction

Plaintiff, Daryl Charles Ali, a federal inmate formerly incarcerated at the Federal Correctional Institution in Allenwood (FCI-Allenwood), in Allenwood, Pennsylvania, initiated this action on June 20, 2017.[1] (ECF No. 1.) The named Defendants are: Warden Spaulding; Lt. Prutzman; Captain Howard; Investigator Kane; Counselor Sweithelm; Dr. Camp: Dr. Stoner; and Physician Assistant (PA) Phirman.[2] Mr. Ali alleges that in May and June 2017, his cellmate attempted to sexually assault him. (ECF No. 32.) He claims Defendants failed to protect him from sexual assault; failed to properly investigated his claims of sexual assault; denied him appropriate medical and mental health care following the attempted assaults; improperly placed him in the institution's Special Housing Unit (SHU);

---

[1] Mr. Ali is currently housed at FCI-Farington, in Farington, New Jersey.

[2] The Court will accept Defense counsel's spelling of the Defendants' names. In addition, it is noted that the Court was unable to serve Captain Howard in this matter.

improperly opened his legal mail; and improperly housed him at facility more than 500 miles from his home address.  (*Id.,* pp. 3 – 4.)

Presently pending before the Court is Defendants' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.  (ECF No. 61.)  Mr. Ali filed a "motion" opposing Defendants' motion.  (ECF Nos. 65 – 66.)  He also filed a response to the Defendants' Reply Brief.  (ECF Nos. 67 and 68.)  Also pending before the Court Mr. Ali's four motions for a temporary restraining order (ECF Nos. 23, 33, 44, and 45) seeking his transfer from FCI-Allenwood to FCI-Butner, a medical facility, after he broke his ankle at FCI-Allenwood.  Defendants' filed a single opposition brief in response to Mr. Ali's motions for a temporary restraining order.  (ECF No. 64.)

For the reasons that follow, the Court will grant Defendants' motion for summary judgment and deny Mr. Ali's motions for temporary restraining order based on his transfer from FCI-Allenwood.

**II.   Summary Judgment Standard of Review**

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The court must determine "whether the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there is no genuine issue of material fact and whether the moving party is therefore entitled to judgment as a matter of law."  *MacFarlan v. Ivy Hill SNF, LLC*, 675 F.3d 266, 271 (3d Cir. 2012) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986)).  "[T]his standard provides that the

mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 - 48, 106 S.Ct. 2505, 2509 - 10, 91 L.Ed.2d 202 (1986).

"A genuine issue is present when a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the non-moving party in light of his burden of proof." *Doe v. Abington Friends Sch.*, 480 F.3d 252, 256 (3d Cir. 2007) (internal citations omitted). Material facts are those which "might affect the outcome of the suit under the governing substantive law." *Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ.*, 470 F.3d 535, 538 (3d Cir. 2006). Where contradictory facts exist, the court may not make credibility determinations or weigh the evidence. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 - 51, 120 S.Ct. 2097, 2110, 147 L.Ed.2d 105 (2000) (internal quotation marks and citations omitted); *Paradisis v. Englewood Hosp. Med. Ctr.*, 680 F. App'x 131, 135 (3d Cir. 2017). In reviewing a motion for summary judgment, the court must view all facts and draw all reasonable inferences "in the light most favorable to the party opposing the motion." *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 265 (3d Cir. 2014) (internal quotation marks omitted).

To prevail on summary judgment, the moving party must affirmatively identify those portions of the record which demonstrate the absence of a genuine issue of material fact. *Santini v. Fuentes*, 795 F.3d 410 (3d Cir. 2015) (citing *Celotex,* 477 U.S. at 323, 106 S.Ct. 2553). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record ... or showing that the materials cited do not establish the absence or

presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A) - (B). To withstand summary judgment, the non-moving party must "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553 (citation omitted). The non-moving party "may not rest on speculation and conjecture in opposing a motion for summary judgment." *Ramara, Inc. V. Westfield Ins. Co.*, 814 F.3d 660, 666 (3d Cir. 2016). In deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249, 106 S.Ct. at 2511. Credibility determinations are the province of the factfinder. *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992).

### III. Statement of Undisputed Facts[3]

From the pleadings, declarations and exhibits submitted therewith, the following facts are ascertained as undisputed or, where disputed, reflect Mr. Ali's version of the facts, pursuant to this Court's duty to view all facts and reasonable

---

[3] Local Rule 56.1 requires that a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56 be supported "by a separate, short, and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." Pa. M.D. Local Rule 56.1. A party opposing a motion for summary judgment must file a separate statement of material facts, responding to the numbered paragraphs set forth in the moving party's statement and identifying genuine issue of trial. *See Id*. Unless otherwise noted, the factual background herein derives from the Defendants' Rule 56.1 statement of material facts. (ECF No. 62.) Mr. Ali filed a brief in opposition to Defendants' motion; however, he did not file a response to Defendants' statement of material facts. The Court accordingly deems the facts set forth by Defendants to be undisputed. *See* Pa. M.D. Local Rule 56.1.

inferences in the light most favorable to the nonmoving party.  *Anderson*, 477 U.S. at 255, 106 S.Ct. at 2510.

Plaintiff, Daryl Charles Ali, is a federal inmate formerly housed at FCI-Allenwood.  (Doc. 62, Defs.' Statement of Material Facts (DSMF), ¶ 1.)  Mr. Ali is presently housed at FCI-Farington. (DSMF ¶ 2.)

The Bureau of Prisons (BOP) has established an administrative remedy procedure through which an inmate may submit complaints relating to any aspect of his confinement.  *See* 28 C.F.R. § 542.10; DSMF ¶ 3.  Inmates must first present their complaints in an attempt to informally resolve the matter.  *See* 28 C.F.R. § 542.13(a); DSMF ¶ 4.  If informal resolution is unsuccessful, the inmate may then present the issue to the warden within twenty calendar days of the events giving rise to the complaint.  *See* 28 C.F.R. § 542.14; DSMF ¶ 5.  If an inmate is dissatisfied with the warden's response, he may then appeal to the BOP Regional Director within twenty calendar days.  *See* 28 C.F.R. § 542.15(a); DSMF ¶ 6.  There is a limited exception to the requirement that the prisoner first seek relief at the institutional level prior to filing an administrative remedy request with the Regional Director.  *See* 28 C.F.R. § 542.14(d)(1).  If an inmate believes that an issue is sensitive and that his safety or well-being is in danger, he may file an Administrative Remedy Request directly to the Regional Director.  *Id.*  If the response of the Regional Director is not satisfactory, the inmate may then appeal to the BOP's Central Office within thirty calendar days.  *See* 28 C.F.R. § 542.15(a); DSMF ¶ 7.  An appeal to the Central Office constitutes the final level of administrative review.  *See* 28 C.F.R. § 542.15(a). No administrative remedy appeal is considered to have been fully exhausted until it

is decided on its merits by the Central Office. *See* 28 C.F.R. § 542.10 – 542.19; DSMF ¶9.

Defendants have submitted the declaration of a BOP Senior Attorney who attests that as of December 20, 2017, Mr. Ali has never filed an administrative remedy or administrative tort claim during his time in BOP custody. *See* ECF No. 62-1, Lavelle Decl., ¶¶ 5 – 6; *see also* DSMF ¶¶ 10 -11.

### IV. Discussion

#### A. Mr. Ali's Failed to Exhaust his Available Administrative Remedies.

The Prison Litigation Reform Act (PLRA) requires prisoners to pursue all available administrative remedies within a prison's grievance system before bringing a civil rights action concerning prison conditions in federal court. *See* 42 U.S.C. § 199e(a); *Ross v. Blake*, _____ U.S. _____, 136 S.Ct. 1850, 1856, 195 L.Ed.2d 117 (2016). This "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983, 992, 152 L.Ed.2d 12 (2002).

The PLRA mandates "proper exhaustion" of the agency's deadlines and other procedural rules pertaining to its grievance/administrative remedy process. *Woodford v. Ngo*, 548 U.S. 81, 92, 126 S.Ct. 2378, 2387, 165 L.Ed.2d 368 (2006). "'[P]rison grievance procedures supply the yardstick' for determining what steps are required for exhaustion." *Williams v. Beard*, 482 F.3d 637, 639 (3d Cir. 2007) (quoting *Spruill v. Gillis*, 372 F.3d 218, 230 (3d Cir. 2004)). "[T]o properly exhaust

administrative remedies, prisoners must 'complete the administrative review process in accordance with the applicable procedural rules'" as they are "defined ... by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 218, 127 S.Ct. 910, 922 - 23, 166 L.Ed.2d 798 (2000) (quoting *Ngo*, 548 U.S. at 88, 126 S.Ct. at 2384.) Failure to substantially comply with procedural requirements of the applicable prison's grievance system will result in a procedural default of the claim. *Spruill,* 372 F.3d at 227-32; *Small v. Camden Cty*, 728 F.3d 265, 272 (3d Cir. 2013) (completion of the administrative review process "means 'substantial' compliance with the prison's grievance procedures"). A court may not excuse a failure to exhaust, but a prisoner is required to only exhaust those procedures that are "available" or capable of use to obtain relief. *Ross*, _____ U.S. at _____, 136 S.Ct. at 1858 – 59.

In the case at bar, the records maintained by the BOP confirm that Mr. Ali never filed an Administrative Remedy prior to December 20, 2017. Defendants thus argue that any claims raised in his Amended Complaint are procedurally defaulted as a matter of law. (ECF No. 63, pp 5 – 6.) In an attempt to excuse the exhaustion requirement, Mr. Ali argues that he "did follow Federal Bureau of Prison Administrative Remedy Process". (ECF No. 68.) Specifically, Mr. Ali argues that he:

1. Submitted cop-outs to Warden and psychology department;
2. Physically talked with three (3) psychologists to try and get help;
3. Submitted email via trulinks to D. I. A.;
4. Wrote sensitive BP 10 to U.S. Department of Justice Inspector General;
5. Wrote a letter to Regional Director making them awear (sic) of attack. (Never responded);
6. Told medical staff on 06/16/17 where D.N.A. (semen) could be collected as evidence.

(*Id*., p. 2.) Plaintiff has submitted copies of most of the identified documents. (*Id*., pp. 4 – 12.) As Defendants suggest, and the Court agrees, the documents submitted by Plaintiff fall mostly within the category of requests to staff members and are not part of the Administrative Remedy Process, 28 C.F.R. §§ 542, *et seq*. (ECF No. 67.) Even if the Court were to accept Mr. Ali's June 20, 2017 letter to the Office of Inspector General (ECF No. 68, p. 11) as a request to that agency to investigate his allegations, it fails to comply with the BOP's Administrative Remedy Process. Under the BOP's regulations, "sensitive" grievances are submitted directly to the Regional Director for consideration, not the Office of Inspector General. *See* 28 C.F.R. § 542.14(d)(1).

### B. Mr. Ali's Transfer from FCI-Allenwood Renders his Motion for Preliminary Injunction Moot

"Preliminary injunctive relief is an extraordinary remedy and should be granted only in limited circumstances." *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004).

In determining whether to grant a preliminary injunction, a court must consider whether the party seeking the injunction has satisfied four factors: "1) a likelihood of success on the merits; 2) he or she will suffer irreparable harm if the injunction is denied; 3) granting relief will not result in even greater harm to the nonmoving party; and 4) the public interest favors such relief." *Bimbo Bakeries USA, Inc. v. Botticella*, 613 F.3d 102, 109 (3d Cir. 2010) (quoting *Miller v. Mitchell*, 598 F.3d 139, 145 (3d Cir. 2010)). *See also* Fed. R. Civ. P. 65. It is the moving party who bears the burden of satisfying these factors.

As a preliminary matter, Defendants note that Mr. Ali is not entitled to preliminary injunction as he has no likelihood of success on the merits of this action due to his failure to exhaust his administrative remedies as to all claims raised in the Amended Complaint. Based on the earlier analysis concerning Plaintiff's failure to exhaust his available administrative remedies, the Court agrees. Furthermore, Defendants note that Mr. Ali's transfer from FCI-Allenwood on November 6, 2017 to FCI-Fairton renders his various motions seeking, *inter alia*, his transfer from FCI-Allenwood, moot. *See Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir. 2003) (inmate's transfer to another prison rendered moot his request for preliminary injunctive relief related to his conditions of confinement). In light of the Court's finding that Mr. Ali failed to exhaust his administrative remedies and due to his transfer from FCI-Allenwood, his motions seeking injunctive relief have been rendered moot and will be dismissed.

**V. Conclusion**

Based upon the evidence, the Court finds that Mr. Ali has not exhausted his available administrative remedies with respect to any of the claims raised in his Amended Complaint. Likewise, he has not demonstrated that prison officials prevented or hindered his ability from pursuing administrative remedies. Consequently, the Court will grant Defendants' motion for summary judgment based on Plaintiff's failure to exhaust his available administrative remedies. His motions for a temporary restraining order will be denied.

An appropriate order follows.


**Date: March 1, 2018**                                         /s/ A. Richard Caputo
                                                                             **A. RICHARD CAPUTO**
                                                                             **United States District Judge**